[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
[I]n order to prevail on a claim of nuisance, a plaintiff must prove that: (1) the condition complained of had a natural tendency to create danger and inflict injury upon person or property; (2) the danger created was a continuing one; (3) the use of the land was unreasonable or unlawful; [and] (4) the existence of the nuisance was a proximate cause of the plaintiffs' injuries and damages."
(citations omitted.) State v. Tippets-Abbett-McCarthy-Stratton,204 Conn. 177, 183, 517 .2d 688 (1987).
There are two classifications of nuisance recognized in Connecticut: public and private. D. Wright J. Fitzgerald, Connecticut Law of Torts (2d Ed.) 130. Nuisances are public where they violate public rights, "that is, rights enjoyed by citizens as part of the public." Couture v. Board of Education,6 Conn. App. 309, 314-15, 505 A.2d 432 (19867). In order to recover for public nuisance, plaintiff must allege, in addition to the CT Page 4374 four elements stated above, sufficient facts to establish that the was injured in the exercise of a public right. Id.
Private nuisance exist only where one is injured in relation to a right which the enjoys by reason of his ownership on an interest in land. Id., 314. Private nuisance includes "`all injuries to an owner or occupier in the enjoyment of the property of which he is in possession, without regard to the quality of the tenure.' Pollock on Torts (13th ed.), 442." Id.
The defendant argues that the plaintiff has not alleged sufficient facts to support a private nuisance cause of action. The plaintiff has not filed an objection to defendant's motion for summary judgment.
The plaintiff's amended complaint alleges that the defendant "failed to maintain the staircase in such a condition to provide suitable traction for invited guests." (Plaintiff's Amended Complaint dated July 3, 1991, para. 6(a)). The plaintiff has failed to allege sufficient facts to support a cause of action for either public or private nuisance. Specifically, the plaintiff has failed to allege the following elements in her amended complaint: "(1) the condition complained of had a natural tendency to create danger and inflict in jury upon person or property; (2) the danger created was a continuing one; (3) [and] the use of the land was or unlawful;" State v. Tippetts, Supra, 183. The plaintiff has also failed to allege that either she was injured in the exercise of a public right (i. e. public nuisance), or that she had an ownership interest in the land (i. e. private nuisance).
Although a motion to strike is the proper vehicle to challenge the legal sufficiency of a complaint, courts have permitted the use of a summary judgment motion in place of a motion to strike where the pleadings are closed. Meyer v. Valley Forge Ins. Co., 3 Conn. L. Rptr. 456 (April 11, 1991, Maiocco, J.).
The defendant's motion for summary judgment is granted.
SYLVESTER, J.